# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM O'BRIEN, <br> **Plaintiff,** | CIVIL ACTION |
| v. | |
| DEPARTMENT OF JUSTICE, <br> **Defendants.** | NO. 19-1262 |

## MEMORANDUM OPINION

Plaintiff William O'Brien filed suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act, 5 U.S.C. § 701, seeking release of certain records from the Federal Bureau of Investigations. He filed for summary judgment. Defendant Department of Justice filed a motion to dismiss. For the reasons that follow, Defendant's motion to dismiss will be granted and Plaintiff's Motion for Summary Judgment will be dismissed as moot.

Plaintiff is currently serving a 30-year prison sentence following his conviction for numerous offenses related to the illegal distribution of controlled substances from his former medical practice. *See* Criminal Action No. 15-cr-21. While serving his sentence at the Federal Correctional Institution Hazelton in West Virginia, Plaintiff attempted to acquire certain records from the FBI's Philadelphia office. Specifically, he alleges he sent the following request:

- On January 17, 2019, Plaintiff requested "the release of all FBI: records, statements, or any information including 302 reports or contact reports. This includes: any records, statements, or any information including 302 reports or contact reports, -- of the Health Care Fraud Task Force (HCFTF) records concerning FBI case # 209-PH-110018 for IN REFERENCE TO ANGELA RONGIONE[1] TO JANUARY 20, 2015."

- On February 6, 2019, Plaintiff requested expedited processing of his January 17 request.

---

[1] Rongione was O'Brien's former office manager. She was a co-defendant and testified on the government's behalf at O'Brien's criminal trial.

1

- On February 27, 2019, Plaintiff sent a third letter to the FBI pertaining to his request.

Plaintiff addressed all three letters to the FBI's Philadelphia field office at 1600 Arch Street. He did not receive a response to any of his requests. Defendant contends it did not receive any of these requests. It also states that the FBI's field office address is 600 Arch Street, not 1600 Arch Street, the address to which the letter was sent.

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations must rise above mere speculation; conclusory statements are insufficient. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 542 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 545).

In a FOIA case such as this one, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). All three conditions must be met for this court to have jurisdiction over the instant action.

The FBI's duties to disclose documents under FOIA are not triggered unless it first receives a proper request. The mere fact that Plaintiff can show he placed his letters in the mail does not mean he has shown the agency received them. *See Banks v. Lappin*, 539 F.Supp.2d 228, 235 (D.D.C. 2008). And indeed, the documents Plaintiff himself provided make it clear the letters were in fact never actually sent to the FBI, as they were mailed to the wrong address.[2]

---

[2] Generally on a motion to dismiss, this court can only look at the complaint, exhibits attached to the complaint, and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The copies of the misaddressed letters Plaintiff sent to the FBI were not attached to the complaint, but instead attached to Plaintiff's reply to Defendant's motion to dismiss. However, the court may consider "a concededly authentic document upon which the complaint is based" when attached to a motion to dismiss, *id.*, particularly as the letters form the basis of Plaintiff's complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information," the information forms the basis

Plaintiff argues that, because the letters were not sent back to the return address on the envelope, they must have been delivered to the FBI. But such an allegation is too speculative. "Even on a motion to dismiss, we are not required to credit mere speculation." *Zavala*, 691 F.3d at 542. Because Plaintiff did not plausibly allege that a government agency improperly withheld records from him, this court is without jurisdiction over his complaint. *Banks*, 539 F.Supp.2d at 235 (holding plaintiff did not have a viable FOIA claim because it could not show agency received a request); *West v. Jackson*, 449 F.Supp.2d 207, 211 (D.D.C. 2006), *aff'd*, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007) (per curiam) (same).

And in any event, Defendant has agreed to now accept the letters Plaintiff attached as a document request and forward them to its FOIA office for appropriate handling. If Defendant fails to respond to Plaintiff's request or asserts any exemptions to its disclosure requirements, then Plaintiff may return to this court once it exhausts its administrative remedies, including any administrative appeals it may take. *See* 5 U.S.C. § 552(a)(6); *McDonnell*, 4 F.3d at 1240.[3] Accordingly, Defendant's motion to dismiss shall be granted and Plaintiff's motion for summary judgment is accordingly moot.

**September 30, 2019**                                        **BY THE COURT:**

                                                                                **/s/Wendy Beetlestone, J.**

                                                           **WENDY BEETLESTONE, J.**

---

of the complaint, and Defendant does not contest the authenticity of the documents, it is appropriate to consider Plaintiff's attached documents).

[3] Defendant further argues that O'Brien's requests are an "end-run around his pending habeas petition" that is currently pending before another judge. *See* Criminal Action No. 15-cr-21. As the court is without jurisdiction over this suit, it expresses no opinion on this argument.